45 F.3d 432
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Glen GARNER, Defendant-Appellant.
 No. 94-2600.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 13, 1994.
Decided Jan. 6, 1995.
 
 Before CUDAHY, FLAUM, and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 In January 1994, a federal grand jury in the Eastern District of Wisconsin returned a three-count indictment charging Glen Garner in each count with distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Garner filed a motion to suppress evidence seized from his residence pursuant to a search warrant. The district court, upon the recommendation of the magistrate judge, denied Garner's motion and Garner subsequently entered into a conditional plea agreement with the United States. Under the terms of the plea agreement, Garner pled guilty to count three of the indictment, possession with intent to distribute a cocaine base, while preserving his right to appeal the denial of his motion to suppress evidence seized during the search of his residence. This appeal is Garner's exercise of that right.
 
 BACKGROUND
 
 2
 On December 14, 1993, Magistrate Judge Robert L. Bittner issued a warrant authorizing the search of a single family home identified as Glen Garner's residence located at 9164 N. 86th Court in Brown Deer, Wisconsin. Drug Enforcement Agency (DEA) Agent Corey Parker, filed an affidavit in support of the search warrant.
 
 
 3
 According to Agent Parker's affidavit, the DEA task force had been investigating Garner for several months. In September 1993, a confidential informant (CI-1) under DEA supervision had made two controlled purchases of crack cocaine from Garner. One purchase involved 114.9 grams of crack cocaine while the other purchase involved 127.5 grams. In September 1993, the Milwaukee Police Department also received information from Las Vegas, Nevada Police Department that a "Sheila Hooker" of Las Vegas, Nevada would be delivering cocaine to Garner at a hotel in Milwaukee, Wisconsin.
 
 
 4
 Agent Parker's affidavit recited details of information provided to the DEA by CI-1 as to Garner's activities between September and December 1993. CI-1 provided information describing Garner's use of 1929 W. Meinecke Street, Milwaukee, Wisconsin as a "stash house" and the house's occupancy by Garner's cousin. This information was independently verified by agents through surveillance and investigation of utility records. Garner was also identified as a drug trafficker by a second person described in the affidavit as a cooperating witness.
 
 
 5
 Agent Parker's affidavit recounted portions of a conversation between CI-1 and Garner that occurred within seventy-two hours of December 14, 1993. During the conversation Garner claimed to have two to three kilograms of cocaine in his possession and informed CI-1 that Garner could supply whatever amount of crack cocaine that CI-1 needed. Garner told CI-1 that he was keeping the crack cocaine in two locations and that some of the crack cocaine was being stored at his house. CI-1, based upon social contact with Garner, believed that when Garner referred to his house Garner was speaking of 9164 N. 86th Court. In addition, agent Parker advised the court that it is common for drug traffickers to "secrete contraband, proceeds of drug sales and records of drug transactions in secure location[s] within the residence where they reside." (Parker Affidavit at 5, paragraph 14(b)).
 
 
 6
 On December 15, 1993, federal agents executed the search warrant at 9164 N. 86th Court and recovered 1,266 grams of cocaine base from the basement of the residence. Garner filed a motion to suppress the evidence seized during the execution of this search warrant alleging that the affidavit in support of the search warrant failed to establish probable cause that evidence of a crime would be found at 9164 N. 86th Court. Magistrate Judge Aaron E. Goodstein filed a recommendation with the district court advising that Garner's motion to suppress be denied. Garner filed objections to the recommendation while entering into a written plea agreement with the United States. On June 23, 1994, Judge Evans orally adopted the magistrate judge's findings and recommendation, denying Garner's motion to suppress and accepting Garner's guilty plea. Garner pled guilty to Count Three of the indictment and was sentenced to 135 months incarceration. Under the terms of the plea agreement Garner reserved the right to appeal the denial of his motion to suppress evidence seized during the execution of the search warrant at 9164 N. 86th Court.
 
 ANALYSIS
 
 7
 In this court the standard of review of a magistrate's determination that probable cause exists supporting the issuance of a search warrant is "one of affirmance absent clear error by the issuing magistrate." United States v. Pless, 982 F.2d 1118, 1124 (7th Cir.1992).[1] The role of the reviewing court "is not to conduct a de novo determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue a warrant." Massachusetts v. Upton, 466 U.S. 727, 728 (1983) (per curiam).
 
 
 8
 In Illinois v. Gates, the Court held that a magistrate must base her decision to issue a search warrant upon a analysis of the totality of circumstances. Illinois v. Gates, 462 U.S. 213, 238 (1983). Gates counsels that:
 
 
 9
 The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [the court], including "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
 
 
 10
 Id. When this court reviews that process, "even doubtful cases are to be resolved in favor of upholding the warrant." Pless, 982 F.2d at 1124. See also United States v. Leon, 468 U.S. 897, 914 (1984) ("[I]n a doubtful or marginal case a search under a warrant may be sustainable where without one [the search] would fail."). A magistrate's determination of probable cause is given considerable weight and will be not be overruled unless "the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated." United States v. McKinney, 919 F.2d 405, 415 (7th Cir.1990) (citations omitted).
 
 
 11
 Agent Parker's affidavit provided information that Garner advised CI-1, within 72 hours of December 14, 1993, that Garner had two to three kilograms of crack cocaine which he was keeping in two locations, and that some of crack cocaine was at Garner's house. The affidavit established Garner's house as the residence located at 9164 N. 86th Court based upon telephone calls made to Garner at a telephone number which lists to that address and CI-1's knowledge of Garner's home through social contact with Garner.
 
 
 12
 Garner argues that Agent Parker's affidavit was insufficient to provide the magistrate with substantial evidence to issue a warrant based on probable cause. According to Garner the information from CI-1 was defective and the magistrate should have discounted Agent Parker's affidavit as based upon uncorroborated hearsay.[2] We disagree.
 
 
 13
 Probable cause may be founded on hearsay reports so long as the magistrate makes a credibility determination looking at the totality of the circumstances. See Gates, 462 U.S. at 234; Buckley, 4 F.3d at 556; Pless, 982 F.2d at 1125. Here, the evidence indicating the credibility and reliability of the informant was clearly adequate. CI-1 had made two prior successful controlled buys from Garner and had provided detailed information as to Garner's activities between September and December 1993, including Garner's use of 1929 W. Meinecke as a "stash house" and occupancy of the house by Garner's cousin. DEA agents independently verified CI-1's information through surveillance and investigation of utility records and a second person, identified as a cooperating witness, also identified Garner as a drug trafficker. See United States v. Lamon, 930 F.2d 1183, 1188 (7th Cir.1991) (one prior controlled buy and information leading to indictment of two individuals on drug charges); United States v. Romo, 914 F.2d 889, 897 (7th Cir.1990), cert. denied, 498 U.S. 1122 (1991) (four prior controlled buys and information of two prior occasions leading to drug charges against three individuals).
 
 
 14
 Agent Parker also advised the magistrate, based upon his training and experience, that it was common for drug traffickers to secrete contraband, proceeds, and records of drug transactions within their personal residences. Although generally such a statement could not, standing alone, sustain a finding of probable cause, "issuing magistrates are entitled to take into account the experience of officers whose affidavits explain the significance of specific types of information." Lamon, 930 F.2d at 1189. This court has also previously noted that "[i]n the case of drug dealers, evidence is likely to be found where the dealers live." Id. at 1188 (quoting United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986)). Agent Parker's affidavit, therefore, viewed in its entirety provided the magistrate with substantial evidence to support the court's finding that probable cause existed to issue a search warrant for Garner's residence at 9164 N. 86th Court.
 
 
 15
 Even if this had not been the case, we would not overturn the district court's refusal to suppress the evidence obtained in the search. Under the good-faith exception to the exclusionary rule announced in Illinois v. Leon, evidence that has been obtained pursuant to search warrant unsupported by probable cause is only suppressible in very limited circumstances. Leon, 468 U.S. at 926; Pless, 982 F.2d at 1126. The Court in Leon held that:
 
 
 16
 In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.
 
 
 17
 Leon, 468 U.S. at 926. Good-faith reliance on the search warrant is presumed unless a "reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." Id. at 922 n. 23; Pless, 982 F.2d at 1126; United States v. Malin, 908 F.2d 163, 166 (7th Cir.1990), cert. denied, 498 U.S. 991 (1990).
 
 
 18
 Here Garner has not argued, nor could he, that the magistrate abandoned his detached and neutral role. Nor may it be said that Agent Parker was dishonest or reckless in preparing the affidavit or that Agent Parker could not have relied in good faith on the magistrate's determination of probable cause. And so we find here a second independent ground upon which to affirm the district court's refusal to suppress evidence obtained in the search of Garner's residence at 9164 N. 86th Court.
 
 
 19
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 See also United States v. Buckley, 4 F.3d 552, 555 (7th Cir.1993), cert. denied, 114 S.Ct. 1084 (1994); United States v. Dickerson, 975 F.2d 1245, 1248 (7th Cir.1992), cert. denied, 113 S.Ct. 1316 (1993); United States v. Spears, 965 F.2d 262, 270 (7th Cir.), cert. denied, 113 S.Ct. 502 (1992)
 
 
 [2]
 Specifically, Garner argues that the information provided by CI-1 was not reliable because it was not recorded, corroborated by controlled buys from Garner at the residence on 9164 N. 86th Court, or corroborated by CI-1's personal observation of drugs at that residence